*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

LAUREN ANDROS,

      Plaintiff/Counter-Defendant-
      Appellant,

v

KATHRYN ANDROS,

      Defendant/Counter-Plaintiff-Appellee.

FOR PUBLICATION
June 09, 2025
10:15 AM

No. 370930
Macomb Circuit Court
LC No. 2022-002761-CH

Before: K. F. KELLY, P.J., and O'BRIEN and ACKERMAN, JJ.

ACKERMAN, J.

This case presents a not-uncommon scenario: family members enter into an informal agreement about property and end up in court when the arrangement falls apart. After agreeing to repay her mother for the mortgage on a home she hoped to one day own, plaintiff Lauren Andros filed for bankruptcy and declared that she had no legal or equitable interest in the property. When the mother-daughter relationship soured, her mother, defendant Kathryn Andros, sought to evict her. In response, Lauren sued her mother, asserting legal ownership and equitable claims to the home. The trial court granted summary disposition in Kathryn's favor, concluding that Lauren's claims were barred by judicial estoppel. We agree that judicial estoppel bars Lauren's claims that depend on an ownership interest in the property, but we conclude that it does not preclude her claim for unjust enrichment or quantum meruit. We therefore affirm in part, reverse in part, and remand for further proceedings.

## I. FACTS

In 2014, Lauren wanted to buy a home but lacked sufficient credit, so she made a deal with her mother, Kathryn: Kathryn would buy a home in St. Clair Shores, Lauren would live in it, and Lauren would reimburse Kathryn for the monthly mortgage payments. The parties agree that they anticipated transferring title to Lauren once the mortgage was paid off, though they dispute how definite that commitment was.

Lauren began making payments to Kathryn. She says she made 96 of them—enough to cover the balance through the time this lawsuit was filed. Kathryn disagrees, claiming Lauren

missed some 40 payments. Lauren also alleges that she made a long list of improvements to the home, in addition to paying the insurance, property taxes, and utility bills.

In 2020, Lauren discussed refinancing the home with Kathryn to reduce the monthly mortgage payments and free up funds for other debts. Kathryn instead suggested that Lauren file for bankruptcy. Lauren followed that advice, and in her bankruptcy petition, she checked "No" when answering the question "Do you own or have any legal or equitable interest in any residence, building, land, or similar property?" The bankruptcy court ultimately discharged her debts.

Two years later, the mother-daughter relationship deteriorated. In June 2022, Kathryn served Lauren with a notice to quit under MCL 554.134(1), giving her one month to vacate. Lauren then filed this action, asserting claims for constructive trust, "unjust enrichment/quantum meruit," breach of contract, quiet title, and injunctive relief. Kathryn raised judicial estoppel as an affirmative defense and moved for summary disposition on that basis. The trial court granted the motion, and Lauren now appeals.[1]

## II. STANDARD OF REVIEW

The trial court granted summary disposition under MCR 2.116(C)(10), which we review de novo. *Maiden v Rozwood*, 461 Mich 109, 118; 597 NW2d 817 (1999). When a motion is brought under MCR 2.116(C)(10), the court "considers affidavits, pleadings, depositions, admissions, and documentary evidence filed in the action or submitted by the parties, MCR 2.116(G)(5), in the light most favorable to the party opposing the motion," and may grant the motion if that evidence "show[s] that there is no genuine issue in respect to any material fact, and the moving party is entitled to judgment as a matter of law." *Quinto v Cross & Peters Co*, 451 Mich 358, 362; 547 NW2d 314 (1996).[2]

## III. ANALYSIS

## A. JUDICIAL ESTOPPEL

"Judicial estoppel is an equitable doctrine, which 'generally prevents a party from prevailing in one phase of a case on an argument and then relying on a contradictory argument to

---

[1] Lauren also asserted a claim for assault and battery, and Kathryn counterclaimed for partition. The trial court did not grant summary disposition on those claims, but the parties stipulated to dismissing them with prejudice, and they are not at issue in this appeal.

[2] It is unclear whether MCR 2.116(C)(10) is the appropriate vehicle for asserting judicial estoppel. In *Spohn v Van Dyke Pub Sch*, 296 Mich App 470, 478-479; 822 NW2d 239 (2012), this Court acknowledged—but declined to resolve—an argument that judicial estoppel is properly raised under MCR 2.116(C)(7). The principal distinction is that the grounds for a (C)(7) motion must be raised in a party's responsive pleading, whereas the grounds for a (C)(10) motion may be raised at any time, except as modified by a scheduling order. See MCR 2.116(D)(2), (4). Because Kathryn raised the defense in her responsive pleading, we need not resolve the issue here but note the continued lack of clarity.

prevail in another phase.' " *Spohn v Van Dyke Pub Sch*, 296 Mich App 470, 479; 822 NW2d 239 (2012), quoting *White v Wyndham Vacation Ownership, Inc*, 617 F3d 472, 476 (CA 6, 2010). Kathryn asserts that Lauren's claims in this case are inconsistent with her bankruptcy petition, in which she denied any legal or equitable interest in real property. That argument invokes the "prior success model" of judicial estoppel, under which "a party who has *successfully* and unequivocally asserted a position in a prior proceeding is estopped from asserting an inconsistent position in a subsequent proceeding." *Lichon v American Univ Ins Co*, 435 Mich 408, 416; 459 NW2d 288 (1990). For judicial estoppel to apply, "there must be some indication that the court in the earlier proceeding accepted that party's position as true," and "the claims must be wholly inconsistent." *Paschke v Retool Indus*, 445 Mich 502, 510; 519 NW2d 441 (1994).

In *Spohn*, this Court applied the prior success model to bankruptcy proceedings. After reviewing federal caselaw, we outlined the following criteria that must be met for a party to assert judicial estoppel based on a prior bankruptcy petition:

> [T]o support a finding of judicial estoppel, [a reviewing court] must find that: (1) [the plaintiff] assumed a position that was contrary to the one that she asserted under oath in the bankruptcy proceedings; (2) the bankruptcy court adopted the contrary position either as a preliminary matter or as part of a final disposition; and (3) [the plaintiff's] omission did not result from mistake or inadvertence. In determining whether [the plaintiff's] conduct resulted from mistake or inadvertence, [the reviewing] court considers whether: (1) [the plaintiff] lacked knowledge of the factual basis of the undisclosed claims; (2) [the plaintiff] had a motive for concealment; and (3) the evidence indicates an absence of bad faith. In determining whether there was an absence of bad faith, [the reviewing court] will look, in particular, at [the plaintiff's] "attempts" to advise the bankruptcy court of [the plaintiff's] omitted claim. [*Spohn*, 296 Mich App at 480-481, quoting *White*, 617 F3d at 478.]

## B. LAUREN'S OWNERSHIP OF THE HOUSE

Lauren's claims for constructive trust, breach of contract, quiet title, and injunctive relief are all ultimately derived from her asserted ownership interest in the house. Because she unambiguously denied having any such ownership interest in her bankruptcy petition, we affirm the trial court's grant of summary disposition on those counts.

As noted above, the pertinent list of judicial estoppel factors to consider in the bankruptcy context was set out in *Spohn*. A comparison of that case to the facts here confirms that Lauren's claims are barred by judicial estoppel. In *Spohn*, the plaintiff worked for the defendant school district and alleged that a coworker sexually harassed her during the fall 2008 semester. During that period, she and her husband filed for bankruptcy. On the same day she resigned from the school district in January 2009, her husband contacted an attorney to explore the possibility of suing the school district for sexual harassment. During the ensuing bankruptcy proceedings, she and her husband did not disclose her interest in that suit. The court ultimately adopted a bankruptcy plan for them, although it was later dismissed due to noncompliance. In September 2009, she filed suit against the school, and the school raised judicial estoppel as a defense. The trial court agreed, and we affirmed. In doing so, we specifically rejected Spohn's argument that the school district

could not invoke judicial estoppel because it was not disadvantaged by the bankruptcy proceedings. "The purpose of the doctrine of judicial estoppel, especially in the context of bankruptcy proceedings, is to protect the judicial process, not the parties." *Id*. at 489.

As Kathryn correctly notes, Lauren responded "No" when asked in her bankruptcy petition whether she had "any legal or equitable interest in any residence, building, land, or similar property." Under *Spohn*, her claims that are predicated on her being the true owner of the house are precluded by judicial estoppel. She is assuming a position contrary to the one she asserted in bankruptcy; the bankruptcy court adopted her prior position in discharging her debts; and her misstatement was not the result of any legally cognizable mistake or inadvertence. She knew she intended to own the house once it was paid off, her concealment helped secure bankruptcy relief, and she never corrected the record after the bankruptcy case began.

On appeal, Lauren argues that the trial court overlooked "the totality of the circumstances," which she asserts would make it inequitable for Kathryn to invoke an equitable doctrine like judicial estoppel. But her assertions are either unsupported or unpersuasive. For example, she claims that "a close familial relationship" led her to "reasonably believe[] she had an ownership interest" in the house based on her mother's representations. That may explain her expectations, but she represented to the bankruptcy court that she did not have an interest in the house, and the purpose of judicial estoppel is to protect the integrity of the judicial process.

Lauren also questions whether the bankruptcy petition was "a voluntary and totally independent act" and suggests that Kathryn may have pushed her to consider filing for bankruptcy specifically to set up the availability of a judicial estoppel defense in subsequent litigation. She alleges "genuine issues of fact" about whether Kathryn orchestrated or paid for the bankruptcy. But the record offers no support for these claims. In fact, what is in the record cuts the other way. In an affidavit attached to her response to Kathryn's motion for summary disposition, Lauren stated: "I asked for [Kathryn's] advice, she gave it, and not knowing any better, I listened"—a statement that suggests influence, but not coercion. The affidavit also stated that Lauren "used a friend of [her] Father's cousin" as her bankruptcy attorney, further undermining her claim that Kathryn controlled the process. With no record support for Lauren's arguments, we affirm the trial court's grant of summary disposition as to these claims.

## C. UNJUST ENRICHMENT/QUANTUM MERUIT

Lauren also raises a claim for unjust enrichment or quantum meruit. Her complaint alleges that if Kathryn retains title to the home, she will be "unjustly enriched by the amounts [she] has spent toward ownership of her home, as well as improvements thereto." While Lauren characterizes the house as *her* home in asserting this claim—and we agree with the trial court that

she cannot maintain that position—we do not believe the gravamen of her unjust enrichment claim is precluded by the bankruptcy statement cited by Kathryn.[3]

Kathryn's judicial estoppel argument has focused exclusively on Lauren's statement in her bankruptcy petition that she had no legal or equitable interest in any residence, building, land, or similar property.[4] But Lauren's unjust enrichment claim does not depend on any interest in the house—indeed, the claim can be brought only if she is *denied* any legal or equitable interest in the house. If Lauren owned the property, she would have no basis to seek compensation from Kathryn for improvements she made to her own property. It is only once she is deprived of an interest in the property that she can be compensated for those efforts. Similarly, she would have no claim against Kathryn for funds "spent toward ownership of [the] home" if she actually did own the home.

This is not to say that the trial court was entirely wrong to reject Lauren's claim. Her complaint seeks compensation for "the equity in the home," but any such recovery necessarily depends on her having an ownership interest, which we agree she cannot validly assert. Moreover, some of the money she spent "toward ownership" likely compensated Kathryn for the benefit of living in the house. It would not be unjust for Kathryn to have received fair value for that benefit. We therefore agree that Lauren is judicially estopped from recovering those expenses and affirm the trial court's ruling to that extent. But we disagree that her claim for unjust enrichment or quantum meruit is entirely barred by her bankruptcy statement disclaiming any interest in the house.

In sum, judicial estoppel bars Lauren from claiming ownership of the home she once disavowed, but it does not necessarily bar her from seeking compensation for what she put into it. We therefore affirm the trial court's dismissal of Lauren's claims for constructive trust, breach of

---

[3] We therefore disagree with Kathryn's assertion that Lauren "never claimed that she was entitled to the value of th[e] improvements in the trial court." Her complaint expressly alleges she is entitled to compensation for those contributions.

[4] On appeal, Lauren's argument focuses on MCR 3.411, which we find unpersuasive. She did not request a hearing under MCR 3.411(F) in the trial court, and such a request may well have been futile, because the trial court made no findings as to title under MCR 3.411(D)(1) after concluding that Lauren was judicially estopped from asserting any ownership interest. In any event, our review is confined to the arguments presented. Kathryn's judicial estoppel defense focused solely on Lauren's statement in her bankruptcy petition disavowing any interest in real property. While other portions of the bankruptcy petition might bear on Lauren's remaining claim, no such argument has been raised here, and our decision does not foreclose the possibility of additional arguments on remand.

contract, quiet title, and injunctive relief, reverse its dismissal of Lauren's unjust enrichment or quantum meruit claim, and remand for further proceedings not inconsistent with this opinion.

/s/ Matthew S. Ackerman
/s/ Kirsten Frank Kelly
/s/ Colleen A. O'Brien